1
2
3
4
5

Julie E. Kamps, Esq. (SBN 282536)
E-mail: jkamps@wpcfs.com
1900 Avenue of the Stars, Suite 310
Los Angeles, CA 90067
Telephone: (310) 203-2942
Facsimile: (310) 843-9389

6
7

Attorney for Defendant
WestPark Capital, Inc.

8
9
10

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21

IVAN RUNG, on behalf of all others
similarly situated

            Plaintiff,

vs.

YAYYO, lNC, RAMY EL-BATRAWI,
JONATHAN ROSEN, KEVIN F.
PICKARD, HARBANT S. SIDHU,
JEFFREY J. GUZY, CHRISTOPHER
MIGLINO, PAUL RICHTER, AEGIS
CAPITAL CORP., WESTPARK
CAPITAL, INC. and DOES 1-25
inclusive,

            Defendants.

Case No.:

**NOTICE TO FEDERAL COURT OF
REMOVAL OF ACTION BY
DEFENDANT WESTPARK
CAPITAL, INC.**

22
23
24
25
26
27
28

    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, & 1453, Defendant WestPark Capital, Inc. ("WestPark"), hereby removes this putative nationwide class action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 20STCV27876, to the United States District Court for the Central District of California.

1        This Court has original jurisdiction over this action under the Class Action
2   Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) & 1453.  Under the most
3   recent case law, no exception applies and removal under CAFA is to be broadly
4   construed pursuant to the Supreme Court and congressional intent.

5        Here, WestPark meets the required elements for removal to federal District
6   Court pursuant to 28 U.S.C. § 1332(d): (a) there is minimal diversity of citizenship
7   between the parties; (2) the proposed class has at least 100 members; and (3) the
8   amount in controversy exceeds $5,000,000.

9        Under modern judicial authority, no exception to CAFA applies here.
10  Modern authority holds that CAFA's removal provision trumps the 1933 Act's bar
11  to removal in Section 22 of the 1933 Act.  *See, e.g.*, *Owen v. Elastos Found.,* 438
12  F. Supp. 3d 187, 188 (S.D.N.Y. 2020) (denying motion for remand on the grounds
13  that CAFA trumps the 1933 Act); *Katz v. Gerardi*, 552 F.3d 558, 561-62 (7th Cir.
14  2009); *New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr.*
15  *2006-4*, 581 F. Supp. 2d 581, 585-88 (S.D.N.Y. 2008).

16       While the Ninth Circuit held that Section 22 of the 1933 Act overrode
17  CAFA in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir.
18  2008), subsequent cases suggest that the Supreme Court's decision in *Dart*
19  *Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) means that *Luther*
20  should now come out the other way.  The Northern District of California
21  recognized this in its 2018 decision *Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952
22  (N.D. Cal. 2018).

23       The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 574
24  U.S. 81 (2014), stated that "no anti-removal presumption attends cases invoking
25  CAFA, which Congress enacted to facilitate adjudication of certain class actions in
26  federal court."  *Dart Cherokee* at 89.

27

28

**NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION
BY DEFENDANT WESTPARK CAPITAL, INC.**

The Ninth Circuit has followed *Dart Cherokee*.  "[B]ecause interstate class actions involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, such cases properly belong in federal court."  *Jordan v. Nationstar Mortg.*, LLC, 781 F.3d 1178, 1182 (9th Cir. 2015) (citation omitted).  Under *Jordan*, actions being removed under CAFA are entitled to a broad construction of CAFA and removal is favored.  The Ninth Circuit held in *Jordan* that there is no anti-removal presumption to CAFA removals and CAFA should be read broadly with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.

In *Coffey*, the Northern District of California agreed that part of *Luther's* reasoning was undermined by *Dart Cherokee*.  *Coffey* at 958.  The *Coffey* Court cited authority for the proposition that *Dart Cherokee's* "'assertion that no anti-removal presumption applies to cases removed under CAFA' calls into question *Luther's* holding regarding § 22(a) [of the 1933 Act] and § 1453."  *Coffey* at 958 (*citing* Moore et al., 16 Moore's Federal Practice – Scope of Removal, § 107.91[1][b] (2018)).

Therefore, there is a substantial basis for this Notice of Removal.

## **BACKGROUND**

1.     On July 22, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Ivan Rung vs. YayYo, Inc., Ramy El-Bacrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu, Paul Richter, Aegis Capital Corporation, WestPark Capital, Inc., and Does 1 through 25, inclusive*, as Case Number 20STCV27876. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint that was filed in state court is attached hereto.  *See* Exh. A (Summons and Complaint).

2.      Plaintiff asserts two causes of action on behalf of a putative nationwide class in the Complaint, violation of §11 of the Securities Act of 1933 (the "1933 Act") violation of §15 of the 1933 Act, concerning an Initial Public Offering ("IPO") of YayYo, Inc. (the "Claims").

3.      Nothing contained in this Notice of Removal or accompanying papers is intended to waive or relinquish any of the Defendants' rights to seek to compel this action to arbitration, all rights of which are expressly reserved.

## GROUNDS FOR REMOVAL

4.      As set forth more fully below, this Court has subject matter jurisdiction under CAFA, 28 U.S.C. §§ 1332(d) & 1453, which confers on federal district courts original jurisdiction over putative class actions where the parties are minimally diverse, there are at least 100 members of the proposed class, and the amount in controversy exceeds $5,000,000.

**I.      There is a Minimum Diversity of Citizenship between the Parties in a Proposed Class of at least 100 Persons.**

5.      At least one plaintiff in the putative nationwide class resides in a different state than at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A). WestPark Capital, Inc. ("WestPark") is a Colorado corporation with its principal place of business in Los Angeles, California.  At least one member of the putative nationwide class is a citizen of a different state than WestPark.

**6.**      The allegations in the Complaint satisfy the diversity requirements under CAFA, thus the Complaint could have been brought initially into a District Court and is properly removable.

**7.**      There are at least 100 members of the proposed class, and thus the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply.

1      **II.    The Amount-In-Controversy Requirement is Satisfied.**

2      8.    CAFA grants federal District Courts original jurisdiction over a class

3  action with an amount in controversy greater than $5,000,000.  *See* 28 U.S.C.

4  § 1332(d)(2).

5      9.    A Notice of Removal must contain a short and plain statement of the

6  amount in controversy.  *See Dart Cherokee* at 84.

7      10.    The alleged damages exceed the statutory limits of § 1332 because the

8  IPO was for 2,500,000 shares of common stock at an initial offering price of $4.00

9  per share.  *See* Exh. B pp. 4, 7. (Form S-1/A.)

10      11.    The estimated damages is $10,000,000 (number of shares x offering

11  price).

12      12.    Accordingly, the amount in controversy in this action exceeds

13  $5,000,000, exclusive of interest and costs, pursuant to 28 U.S.C. §§ 1332(d)(2)

14  and (5)(B).

15      **III.    The Other Prerequisites for Removal Are Satisfied.**

16      13.    This Notice of Removal is timely filed.  Section 1446(b)(1) "permits

17  defendants to remove state court actions to federal court within thirty days of

18  receiving an initial pleading or other document that reveals a basis for removal."

19  *Jordan* at 1179.

20      14.    Plaintiff filed the Complaint with the state court on July 23, 2020.

21  WestPark was served with the complaint on August 3, 2020.

22      15.    Pursuant to Section 1441(a) and 28 U.S.C. § 84(c)(2), this action is

23  properly removed to the United States District Court for the Central District of

24  California, which is "the district and division embracing the place where [the]

25  action is pending." *Leite v. Crane Co.* (9th Cir. 2014) 749 F.3d 1117, 1120, fn. 2.

26

27

28

**CONCLUSION**

16.    For all of the reasons set forth herein, WestPark removes *Michael Vanbecelaere vs. YayYo, Inc., Ramy El-Bacrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu, Paul Richter, Aegis Capital Corporation, WestPark Capital, Inc., and Does 1 through 25, inclusive*, Case Number 20STCV28066, to United States District Court for the Central District of California.


Dated:  September 2, 2020          **JULIE E. KAMPS, ESQ.**


                         By:    */s/ Julie E. Kamps*
                                Julie E. Kamps, Esq.
                                Attorney for Defendant
                                WestPark Capital, Inc

**NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION**
**BY DEFENDANT WESTPARK CAPITAL, INC.**

**CERTIFICATE OF SERVICE**

  I, Julie E. Kamps, do hereby certify that on the 1st day of September, 2020, I caused to be served a true and correct copy of Defendant WestPark Capital, Inc.'s Notice of Removal of Action to Federal Court, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel of record, and by emailing a true copy of the same to counsel for the Plaintiff, having entered an appearance in the instant action.

Dated: September 2, 2020        */s/ Julie E. Kamps*

                  Julie E. Kamps

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION
BY DEFENDANT WESTPARK CAPITAL, INC.